# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

FEB 24 2025

GARY P. SERDAR
CLERK OF COURT

BY _____
DEPUTY CLERK

STEVEN MATTHEW HARRIS,

Plaintiff,

v.

PURGATORY CORRECTIONAL FACILITY, WASHINGTON COUNTY SHERIFF'S OFFICE, KYLE BIGELOW, GARRETT McKEAN, SERGEANT CROWTHER, DEPUTY LARSEN, DEPUTY LUBITZ, J. ANDERSON, DEPUTY JACOBS, JOHN DOES 1-10, JANE DOES 1-10, PURGATORY CORRECTIONAL FACILITY WARDEN (JOHN DOE),
Defendants.

Case: 4:25-cv-00018
Assigned To : Kohler, Paul
Assign. Date : 2/24/2025
Description: Harris v. Purgatory
Correctional Facility et al

Case No.: [To be assigned]
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; AND Punitive Damages
JURY TRIAL DEMANDED

---

INTRODUCTION
1. Plaintiff, Steven Matthew Harris, brings this civil rights action under 42 U.S.C. § 1983 to redress violations of his Fourth and Fourteenth Amendment rights by the named defendants.
2. This action arises from the unreasonable search and seizure, excessive force, and violation of Plaintiff's right to privacy committed by sheriff's deputies at Purgatory Correctional Facility on October 5, 2024.
3. Plaintiff further asserts failure to train and deliberate indifference claims against supervisory officials, the Purgatory Correctional Facility Warden, and Washington County Sheriff's Office for their role in allowing and perpetuating these constitutional violations.

---

JURISDICTION AND VENUE
4. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 as this case arises under the Constitution and laws of the United States.
5. Venue is proper in the District of Utah, Southern Division under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Washington County, Utah.

---

PARTIES

Plaintiff

6. Steven Matthew Harris is a resident of the State of Utah and was a pretrial detainee at Purgatory Correctional Facility on October 5, 2024.

Defendants

7. Kyle Bigelow and Garrett McKean are supervisors at Purgatory Correctional Facility and are sued in their official and individual capacities for failure to train and deliberate indifference.

8. Sergeant Crowther, Deputy Larsen, Deputy Lubitz, J. Anderson, and Deputy Jacobs were directly involved in the use of excessive force and illegal DNA collection against Plaintiff and are sued in their individual and official capacities.

9. John Does 1-10 (Male Sheriffs) and Jane Does 1-10 (Female Sheriffs) are unknown officers involved in the violations and are sued in their individual and official capacities.

10. Purgatory Correctional Facility Warden (John Doe) is responsible for overseeing detention operations and is sued in his official and individual capacities for failing to properly train and supervise officers.

11. Purgatory Correctional Facility and Washington County Sheriff's Office are governmental entities responsible for training and policies and are sued under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) for failing to prevent constitutional violations.

---

STATEMENT OF FACTS

12. On October 5, 2024, at approximately 3:12 a.m., Plaintiff was detained at Purgatory Correctional Facility while awaiting the completion of his booking process for three misdemeanor charges (See Attachments 1 & 2).

13. Approximately 10 sheriff's deputies, equipped with riot shields and a camera, stormed Plaintiff's holding cell without justification.

14. Deputies physically pounced on Plaintiff, slammed him onto the floor, and pinned him down using their body weight. Each of Plaintiff's limbs was seized by different officers, while one kneeled on Plaintiff's face.

15. Plaintiff was forcibly strapped into a restraint chair, and a mesh bag was placed over his face.

16. Deputies demanded a DNA sample, which Plaintiff explicitly refused, stating that he was charged only with misdemeanors and that Utah law (Utah Code § 53-10-404) does not authorize DNA collection without a felony charge, warrant, or court order.

17. Despite Plaintiff's repeated refusals, a sheriff wearing motorcycle gloves forcefully pried Plaintiff's mouth open by digging his fingers between Plaintiff's jaw and throat, forcibly pulling down with one hand and pulling on Plaintiff's upper gum line with the other, extracting DNA without consent.

18. After taking the DNA sample, deputies carried Plaintiff back to his cell, slammed him on the floor again, pinned his face and neck down, forcibly restrained his limbs, and stripped him naked, leaving him exposed on the cold concrete floor.

19. These actions were carried out in a malicious and degrading manner, violating Plaintiff's constitutional rights and causing severe pain, humiliation, and emotional distress.

---

CLAIMS FOR RELIEF

COUNT I – UNREASONABLE SEARCH AND SEIZURE (Fourth Amendment, 42 U.S.C. § 1983)

(Against Sergeant Crowther, Deputy Larsen, Deputy Lubitz, J. Anderson, Deputy Jacobs)

20. The Fourth Amendment prohibits unreasonable searches and seizures.

21. The forcible DNA collection without a felony charge, warrant, or court order was an unconstitutional search and seizure.

22. Defendants' actions violated Plaintiff's Fourth Amendment rights.

COUNT II – EXCESSIVE FORCE (Fourth Amendment, 42 U.S.C. § 1983)

(Against Sergeant Crowther, Deputy Larsen, Deputy Lubitz, J. Anderson, Deputy Jacobs)

23. Law enforcement officers may not use excessive force against detainees.

24. The use of a riot squad, physical restraint, forced DNA extraction, and stripping Plaintiff naked constituted excessive force.

COUNT III – VIOLATION OF PRIVACY (Fourth and Fourteenth Amendments, 42 U.S.C. § 1983)

(Against Sergeant Crowther, Deputy Larsen, Deputy Lubitz, J. Anderson, Deputy Jacobs)

25. Plaintiff had a reasonable expectation of privacy regarding his bodily integrity.

26. The forced DNA collection and public stripping violated Plaintiff's privacy rights under the Fourth and Fourteenth Amendments.

COUNT IV – FAILURE TO TRAIN AND DELIBERATE INDIFFERENCE (Monell Claim, 42 U.S.C. § 1983)

(Against Kyle Bigelow, Garrett McKean, Purgatory Correctional Facility Warden, Purgatory Correctional Facility, Washington County Sheriff's Office)

27. Defendants failed to train officers on constitutional limits of force, privacy, and search and seizure laws.

28. This deliberate indifference allowed unconstitutional actions to occur.

---

RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment as follows:

A. Compensatory damages: $10 million for mental anguish, pain, and humiliation;

B. Punitive damages: $10 million against individual defendants for their reckless and malicious conduct;

C. Civil rights damages: $10 million for constitutional violations;

D. Injunctive relief: Requiring new training policies at Purgatory Correctional Facility;

E. Attorneys' fees and litigation costs under 42 U.S.C. § 1988; and

F. Any other relief the Court deems just and proper.

---

JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by law.

_____

Certification and Closing

On the Federal Rule of Civil Procedure 11, I certified to the best of my knowledge, information, and believe that this complaint:

 1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2. Is supported by existing law or by a non frivolous argument for extending, modifying, or reverse an existing law;

3. The factual contentions have evidentiary support or, is specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

4. The complaint otherwise complies with the requirements of Rule 11.

Dated:

Respectfully submitted,

Steven Matthew Harris
Plaintiff, Pro Se

948 N 1300 W
St. George, UT 84770
628-224-7371