IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STEVEN HARRIS,<br><br>                  Plaintiff,<br><br>v.<br><br>PURGATORY CORRECTIONAL FACILITY, WASHINGTON COUNTY SHERIFF'S OFFICE, KYLE BIGELOW, GARRETT MCKEAN, SERGEANT CROWTHER, DEPUTY LARSEN, DEPUTY LUBITZ, J. ANDERSON, DEPUTY JACOBS, JOHN DOES 1-10, JANE DOES 1-10, PURGATORY CORRECTIONAL FACILITY WARDEN,<br><br>                  Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SANCTIONS<br><br>Case Number 4:25-cv-00018-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

Before the Court is Defendants' Motion to Strike[1] and Plaintiff's for Sanctions.[2] For the reasons discussed below, the Court denies Defendants' Motion to Strike and denies without prejudice Plaintiff's Motion for Sanctions.

I. BACKGROUND

Plaintiff filed this lawsuit asserting unlawful search and seizure and excessive force by officials at the Purgatory Correctional Facility. Plaintiff alleges that he was a pretrial detainee on October 5, 2025. Plaintiff claims that officers stormed his holding cell, pounced on him, slammed him to the floor, pinned him down, forcibly strapped him into a chair, placed a mesh bag over his face, and forcefully extracted a DNA sample. After taking the DNA sample,

---

[1] Docket No. 30, filed July 3, 2025.

[2] Docket No. 29, filed June 16, 2025.

Plaintiff alleges that officers carried him back to his cell, slammed him on the floor again, pinned his face and neck down, forcibly restrained his limbs, and stripped him naked.

On November 11, 2024, Plaintiff sent the Warden of the Purgatory Correctional Facility, Washington County Sherrif's Office, and Washington County Attorney's Office a Notice of Intent to Sue.[3] In that Notice, Plaintiff discusses the allegation that make up his Complaint and notes that "[t]his incident was video recorded."[4] Plaintiff requested those entities conduct an investigation into the incident "including the preservation and review of video evidence."[5] On November 26, 2024, the Washington County Attorney's Office acknowledged receipt of the Notice.[6] At some point, Plaintiff requested the camera footage from the booking area of the Purgatory Correctional Facility. On January 31, 2025, the Washington County Sherrif's Office and Purgatory Correctional Facility responded that they did "not have any records responsive to this request, as camera footage does not go as far back as" the date of the incident.[7]

Plaintiff filed his Motion for Sanctions on June 16, 2025. Defendants did not timely respond but instead belatedly filed their Motion to Strike. Each will be discussed in turn.

## II. DISCUSSION

A.   MOTION TO STRIKE

Defendants provide no authority to support their Motion to Strike. Federal Rule of Civil Procedure 12(f) allows the Court to strike matters from pleadings, but Plaintiff's Motion is not a pleading and "there is no provision in the Federal Rules of Civil Procedure for motions to strike

---

[3] Docket No. 29-1, at 4–5.

[4] *Id.* at 4.

[5] *Id.* at 5.

[6] *Id.* at 6.

[7] *Id.* at 8.

motions and memoranda."[8] Based upon this lack of authority, the Court will deny Defendants' request that Plaintiff's Motion for Sanction be stricken.

B.     MOTION FOR SANCTIONS

Plaintiff's Motion relies on Federal Rule of Evidence 37(e). Rule 37(e) concerns the failure to preserve electronically stored information ("ESI"). Courts have concluded that surveillance video, such as that at issue in Plaintiff's Motion, is considered ESI for purposes of Rule 37(e).[9]

> Rule 37(e) states:
>
> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

Because this case is in its early stages, the Court is unable to determine whether ESI has been lost and cannot be restored or replaced. Defendants only recently filed their Answer, and initial disclosures have not been exchanged. While the Purgatory Correctional Facility indicated that it did not have the video footage, it does not necessarily follow that it has become lost and cannot be restored or replaced. Further, it is unclear what efforts, if any, Defendants took to preserve the video footage after they had notice of Plaintiff's intent to sue. Without this

---

[8] *Searcy v. Soc. Sec. Admin.*, 956 F.2d 278, at *2 (10th Cir. 1992) (unpublished table decision).

[9] *Sosa v. Carnival Corp.*, No. 18-20957-ALTONAGA, 2018 WL 6335178, at *10 (S.D. Fla. Dec. 4, 2018) (collecting cases).

information, the Court is unable to conclude that sanctions are appropriate at this time. However, the Court will deny Plaintiff's Motion without prejudice should further developments warrant reconsideration of the issue.

### III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Strike (Docket No. 30) is DENIED. It is further

ORDERED that Plaintiff's Motion for Sanctions (Docket No. 29) is DENIED WITHOUT PREJUDICE.

DATED this 21st day of July, 2025.

BY THE COURT

PAUL KOHLER
United States Magistrate Judge