IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN HARRIS,<br><br>                Plaintiff,<br><br>v.<br><br>PURGATORY CORRECTIONAL FACILITY, WASHINGTON COUNTY SHERIFF'S OFFICE, KYLE BIGELOW, GARRETT MCKEAN, SERGEANT CROWTHER, DEPUTY LARSEN, DEPUTY LUBITZ J. ANDERSON, DEPUTY JACOBS, JOHN DOE 1-10, PURGATORY CORRECTIONAL FACILITY WARDEN,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STAY DEADLINES PENDING DECISION ON MOTON FOR JUDGMENT ON THE PLEADINGS<br><br>Case No. 4:25-cv-00018-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Koher |

This matter is before the Court on Defendants' Motion to Stay Deadlines Pending Decision on Motion for Judgment on the Pleadings.[1] Defendants request the Court stay the deadlines in this matter—more particularly the deadline to respond to Plaintiff's Motion to Amend and Motion to Supplement—until the Court resolves Defendants' pending Motion for Judgment on the Pleadings.

The Court has the inherent power to grant a stay.[2] The Supreme Court has described this power as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[3] This

---

[1] Docket No. 49, filed October 2, 2025.

[2] *Nederlandse Erts-Tankersmaatchappij, N.V. v. Isbarndtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964).

[3] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

determination "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[4] "Factors relevant to the court's decision are: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[5]

Considering these factors, the Court declines to stay these proceedings. At this stage, it is unclear whether a stay would promote judicial economy or avoid confusion and inconsistent results. While Defendants contend that staying all deadlines pending the resolution of their Motion for Judgment on the Pleadings will promote judicial economy, the Court believes just the opposite. Judicial economy is best served by first considering Plaintiff's request to amend, which the rules state should be given freely.[6] After all, if Plaintiff's Motion to Amend—which now stands unopposed—is granted, Defendants' Motion for Judgment on the Pleadings becomes moot.[7] And Plaintiff's proposed amendments aim to address some of the arguments raised by Defendants' Motion for Judgment on the Pleadings, potentially eliminating grounds for dismissal. Thus, judicial economy weighs against Defendants' request. Moreover, there is no evidence that a stay, or lack thereof, would unduly injure the parties or create undue hardship.

---

[4] *Id.* at 254–55.

[5] *Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, No. CIV 09 776 F, 2008 WL 4723008, *2 (W.D. Okla. 2008) (citing *Meadows Indem. Co. v. Baccala & Shoop Ins. Servs., Inc.*, 760 F. Supp. 1036, 1045 (E.D.N.Y. 1991)).

[6] Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.")

[7] *See, e.g., Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1323–24 (D. Colo. 2019) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot.") (internal quotation marks and citation omitted).

Based upon this, the Court denies Defendants' Motion to Stay and will proceed to evaluate the motions pending before the Court.

It is therefore

ORDERED that Defendants' Motion to Stay Deadlines Pending Decision on Motion for Judgment on the Pleadings (Docket No. 49) is DENIED.

DATED this 3rd day of October, 2025.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge