IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN MATTHEW HARRIS,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON COUNTY, PURGATORY CORRECTIONAL FACILITY, WASHINGTON COUNTY SHERIFF'S OFFICE, KYLE BIGELOW, GARRET MCKEAN, SGT. LACIE CROWTHER, DEP. KEVIN M. LARSON, DEP. BRICE LUBITZ, DEP. JOHN JACOBS, DEP. LACEY ADAMS, DEP. ANDREW MILLER, DEP. TYLER TAIT, DEP. JAY B. CHADWICK, DEP. CORTNEY CHEEMAN, DEP. BAILEE W. MABE, DEP. KAITLYN JOHNSON, WARDEN, AND OFFICER J. DICKERSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANT DICKERSON'S OBJECTION TO MAGISTRATE JUDGE'S DECISION**<br><br>Case No. 4:25-cv-00018-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

Before the Court is Defendant Dickerson's Objection[1] to Judge Kohler's Order[2] denying Defendant Dickerson's Motion to Amend Scheduling Order and to Stay Plaintiff's Deposition.[3] Plaintiff opposed Defendant Dickerson's Motion to Amend Scheduling Order and to Stay Plaintiff's Deposition.[4] For the reasons below, Defendant Dickerson's Objection is overruled,

---

[1] ECF No. 102, filed December 29, 2025.
[2] ECF No. 101, filed December 23, 2025.
[3] ECF No. 99.
[4] ECF No. 100.

1

Judge Kohler's Decision is affirmed, and the Motion to Amend Scheduling Order and to Stay Plaintiff's Deposition is denied.

## BACKGROUND

On February 24, 2025, Plaintiff Steven Matthew Harris initiated this action, bringing various § 1983 claims against Purgatory Correctional Facility, Washington County Sherriff's Office, Kyle Bigelow, Garrett McKean, Sergeant Crowther, Deputy Larsen, Deputy Lubitz, J. Anderson, Deputy Jacobs, and Purgatory Correctional Facility.[5] A Scheduling Order was entered on August 12, 2025.[6] Pursuant to the Scheduling Order, fact discovery closes on January 9, 2026.[7]

On October 24, 2025, the Magistrate Judge granted Plaintiff leave to file an Amended Complaint,[8] which Plaintiff subsequently filed on October 30, 2025.[9] This Amended Complaint added, among others, Officer J. Dickerson of the St. George Police Department as a defendant.[10] Defendant Dickerson was served the summons and amended complaint on November 25, 2025.[11] He then filed his Answer on December 16, 2025.[12]

On December 2, 2025, a Notice of Deposition was filed indicating that Mr. Mylar, counsel for all the Defendants other than Defendant Dickerson, will take Plaintiff's deposition in West Virginia on January 7, 2026, beginning at 9:30 AM EST.[13] Defendant Dickerson's counsel,

---

[5] ECF No. 1.
[6] ECF No. 41.
[7] *Id.*
[8] ECF No. 61.
[9] ECF No. 62.
[10] *Id.*
[11] ECF No. 84.
[12] ECF No. 96.
[13] ECF No. 93.

Mr. Young, was notified via email of this deposition on December 9, 2025.[14] On December 15, 2025, Mr. Young received a Notice of Hearing setting a hearing in an unassociated matter for January 7, 2026, at 11:00 AM MDT.[15] On December 19, 2025, Defendant Dickerson filed a Motion to Extend Fact Discovery and Stay Plaintiff's Deposition.[16] In that Motion, Defendant Dickerson argued that his counsel had not had time to review the disclosures of the other parties and that his counsel could not attend Plaintiff's Deposition due to another hearing.[17] Plaintiff filed an opposition that same day,[18] asserting that, among other arguments, Defendant's counsel had notice of the deposition prior to receiving notice of the hearing and had the ability to reschedule the hearing.[19]

The Magistrate Judge denied Defendant Dickerson's Motion on December 23, 2025.[20] In doing so, the Magistrate Judge denied without prejudice Defendant Dickerson's request to extend fact discovery.[21]

Defendant Dickerson filed the instant Objection on December 29, 2025,[22] within fourteen days of the issuance of the Magistrate Judge's Order.[23]

---

[14] ECF No. 102, Ex. 1.
[15] *Id.*, Ex. 2.
[16] ECF No. 99.
[17] *Id.* at 4.
[18] ECF No. 100.
[19] *Id.* at 2.
[20] ECF No. 101.
[21] *Id.*
[22] ECF No. 102.
[23] *See* Fed. R. Civ. P. 72(a).

## STANDARD OF REVIEW

In reviewing a magistrate judge's order on a nondispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[24] "Under this deferential standard, the court will affirm the ruling unless the court, exercising independent judgment, 'is left with the definite and firm conviction that a mistake has been committed.'"[25]

## DISCUSSION

Defendant Dickerson's Objection is two-fold. First, Defendant Dickerson contends that the Magistrate Judge erred in ruling there was not good cause to amend the scheduling order. Second, Defendant Dickerson contends that the Magistrate Judge erred in ruling there was not good cause to reschedule Plaintiff's deposition. The Court will address each objection in turn.

### A. AMEND SCHEDULING ORDER

Defendant Dickerson argues that good cause exists to modify the Scheduling Order to extend fact discovery, and thus the Magistrate Judge erred in declining to do so.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." To establish good cause, the moving party must show that it could not have met the scheduling order deadline despite the

---

[24] Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Defendant Dickerson brings his objection pursuant to Fed. R. Civ. P. 72(b), which governs a magistrate judge's report and recommendation on dispositive matters. This is in error. The underlying motion was not a dispositive motion. Rather, it addressed discovery- and scheduling-related issues.
[25] *Amann v. Off. of Utah Att'y Gen.*, No. 2:18-cv-00341-JNP-DAO, 2023 WL 8283855, at *2 (D. Utah Nov. 30, 2023) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

movant's "diligent efforts."[26] In other words, "good cause requires diligence and a conscientious attempt to comply with the Court's scheduling order. When parties have not done so, the Court has not found good cause."[27]

Defendant Dickerson was served with the Amended Complaint on November 25, 2025.[28] The Scheduling Order provides that fact discovery closes on January 9, 2026.[29] Defendant Dickerson contends that this is not enough time for him to complete fact discovery. While the Court sympathizes with Defendant Dickerson and agrees that this is a short period of time, Defendant Dickerson's arguments do not set forth anything regarding diligence or conscientious attempts to comply with the Scheduling Order. Indeed, in his Motion, Defendant Dickerson simply states that his counsel had not yet had time to review the other Parties' disclosures but does not offer any reason why this was so.[30]

Furthermore, Defendant Dickerson's arguments ignore a significant element of the Magistrate Judge's Order. Although the Magistrate Judge did decline to amend the Scheduling Order, the Magistrate Judge also ordered that "Defendant Dickerson is free to renew his request to amend the scheduling order to allow him sufficient time to complete discovery."[31] Thus, Defendant Dickerson's opportunity to extend fact discovery has not been foreclosed.

Overall, Defendant Dickerson has failed to establish that the Magistrate Judge's decision to decline to amend the Scheduling Order without prejudice is clearly erroneous. Therefore, the

---

[26] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).
[27] *People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1145 (D.N.M. 2018).
[28] ECF No. 84.
[29] ECF No. 41.
[30] ECF No. 99 at 4.
[31] ECF No. 101.

Court overrules this objection. If Defendant Dickerson still wishes to extend fact discovery, he may renew his request by filing another Motion to Amend Scheduling Order.

**B.     RESCHEDULE DEPOSITION**

Defendant Dickerson argues that good cause exists to reschedule Plaintiff's deposition, which is scheduled to occur in West Virgina on January 7, 2026, beginning at 9:30 AM EST, with an option to attend remotely via Zoom.[32] According to Defendant Dickerson, his counsel, Mr. Young, has a hearing on January 7, 2026, at 11:00 AM MDT, and thus cannot attend the deposition. Defendant Dickerson asserts that the deposition was scheduled before he was named a defendant; that he has offered to reschedule in January or February; and, without citation to any legal authority, that proceeding with the deposition will deprive him of his due process right to depose Plaintiff.

The docket indicates that Defendant Dickerson is represented by three attorneys,[33] yet Defendant Dickerson provides no explanation as to why his other two attorneys cannot attend the deposition. Moreover, it seems to the Court that Defendant Dickerson may fail to identify and ground his arguments in the proper procedural basis for his requested relief. In his Objection, as well as in the underlying Motion, Defendant Dickerson seems to assume the request falls under Federal Rule of Civil Procedure 16(b)(4), which governs the modification of a scheduling order. But this deposition date is not in the Scheduling Order[34] nor was it set by the Court; instead, it is a date upon which the Plaintiff and the other Defendants have agreed.[35] Defendant Dickerson

---

[32] ECF No. 93; ECF No. 102, Ex. 1.
[33] *See also* ECF No. 96.
[34] *See* ECF No. 41.
[35] ECF No. 93.

does not offer any argument or authority that Rule 16(b)(4) authorizes the Court to modify the Parties' personal calendars and reschedule depositions the Parties have set.

Federal Rule of Civil Procedure 26(c), on the other hand, does give "courts discretion to enter a protective order establishing the time and place of a deposition."[36] "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (B) specifying terms, including time and place . . . for the disclosure or discovery[.]"[37] To establish good cause, the party seeking the protective order must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[38]

Defendant Dickerson did not move for a protective order under Rule 26(c), and neither his Objection nor his Motion mentions the Rule. And, again, he has only provided that one of his three attorneys has a conflict with the deposition. Thus, the Court cannot say that the Magistrate Judge's decision to deny Defendant Dickerson's request to stay Plaintiff's deposition and to order the deposition to proceed as scheduled is clearly erroneous. Defendant Dickerson's objection is overruled.

---

[36] *Borsody v. FedEx Ground*, No. 24-2073-HLT-ADM, 2024 WL 4692127, at *1 (D. Kan. Nov. 6, 2024).
[37] Fed. R. Civ. P. 26(c).
[38] *Borsody*, 2024 WL 4692127, at *1 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

## **ORDER**

Based on the foregoing, the Court OVERRULES Defendant Dickerson's Objection (ECF No. 102), AFFIRMS Judge Kohler's Decision (ECF No. 101), and DENIES the Motion to Amend Scheduling Order and to Stay Plaintiff's Deposition (ECF No. 99).

DATED this 30th day of December 2025.

Ann Marie McIff Allen
United States District Judge