IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN HARRIS,<br><br>             Plaintiff,<br><br>v.<br><br>WASHINGTON COUNTY, PURGATORY CORRECTIONAL FACILITY, WASHINGTON COUNTY SHERIFF'S OFFICE, KYLE BIGELOW, GARRET MCKEAN, SGT. LACIE CROWTHER, DEP. KEVIN M. LARSON, DEP. BRICE LUBITZ, DEP. JOHN JACOBS, DEP. LACEY ADAMS, DEP. ANDREW MILLER, DEP. TYLER TAIT, DEP. JAY B. CHADWICK, DEP. CORTNEY CHEEMAN, DEP. BAILEE W. MABE, DEP. KAITLYN JOHNSON, WARDEN, AND OFFICER J. DICKERSON,<br><br>             Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>Case No. 4:25-cv-00018-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion to Compel.[1] For the reasons discussed below, the Motion is denied.

Plaintiff filed an Amended Complaint adding, among others, Defendant Andrew Miller on October 30, 2025.[2] On November 19, 2025, the Court directed the United States Marshal Service ("USMS") to serve the defendants added by Plaintiff's amendment.[3] When the USMS attempted service at Mr. Miller's place of employment, they were informed that he was no

---

[1] Docket No. 94, filed December 2, 2025.

[2] Docket No. 62.

[3] Docket No. 82.

1

longer employed there, had left the state, and no forwarding address had been provided.[4] Plaintiff now seeks to compel Defendants to provide him Mr. Miller's last known address.

Federal Rule of Civil Procedure 37(a)(1) provides that "a party may move for an order compelling disclosure or discovery." More specifically, a party may move to compel "[i]f a party fails to make a disclosure required by Rule 26(a)"[5] or fails to answer interrogatories or respond to requests for production.[6] Here, there is no indication that Defendants have failed to make a disclosure under Rule 26(a) or that they have otherwise failed to respond to a discovery request. Instead, the record simply reflects that the USMS was unable to effectuate service on Mr. Miller at his former place of employment. Thus, Plaintiff's reliance on Rules 26 and 37 is misplaced.

While the USMS is responsible for service because Plaintiff is proceeding in forma pauperis,[7] Plaintiff is responsible for providing sufficient information for them to do so.[8] Plaintiff provides no basis for the Court to conclude that Defendants have an obligation to assist Plaintiff in effectuating service on a former employee. As such, Plaintiff's Motion must be denied.

Under Fed. R. Civ. P. 37(a)(5)(B), when a motion to compel is denied, "the court . . . must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who

---

[4] Docket No. 89.

[5] Fed. R. Civ. P. 37(a)(3)(A).

[6] *Id.* 37(a)(3)(B)(iii), (iv).

[7] 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); DUCivR 3-2(c).

[8] *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served . . . ; the Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address.").

opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Given the circumstances presented here, the Court concludes that an award of expenses would be unjust. Plaintiff is proceeding pro se and in forma pauperis. While this does not excuse Plaintiff from complying with the rules of procedure,[9] his dire financial condition (as discussed at the November 13, 2025 hearing) and his lack of legal training, makes an award unjust here.[10] Therefore, the Court denies Defendants' request for an award of expenses. The Court cautions Plaintiff that sanctions may be entered should there be future misconduct.

It is therefore

ORDERED that Plaintiff's Motion to Compel (Docket No. 94) is DENIED.

---

[9] *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

[10] *See, e.g., Gonzalez v. Jones*, No. 2:15-cv-2448-TLN-KJN PS, 2021 WL 307564, at *7 (E.D. Cal. Jan. 29, 2021) (finding that "award of attorney's fees and monetary sanctions" against pro se and in forma pauperis plaintiff "would be manifestly unjust—not to mention uncollectable"); *Griffith v. Stewart*, No. 10 CV 6066(BMC)(LB), 2011 WL 6780903, at *2 (E.D.N.Y. Nov. 10, 2011) (holding that because plaintiff "is proceeding pro se and in forma pauperis, this is not a case where monetary sanctions would be reasonable") (internal quotation marks and citation omitted); *Sullivan v. Martin Sprocket & Gear, Inc.*, No. 1:08-CV-02324-BBM-GGB, 2009 WL 10670644, at *2 (N.D. Ga. Apr. 3, 2009) (finding that award of costs and attorney's fees against pro se and in forma pauperis plaintiff would be unjust); *Brown v. Wright*, No. 9:05–CV–82 (FJS)(DRH), 2007 WL 1237677, at *3 (N.D.N.Y. Apr. 27, 2007) (holding that "in light of Plaintiff's pro se in forma pauperis status, the Court finds that such an award [under Rule 37] would be unjust"); *Odom v. Sielaff*, No. 90 Civ. 7659(PKL), 1992 WL 2533, at *2 (S.D.N.Y. Jan. 2, 1992) (holding that an award of attorney's fees under Rule 37 was unjust when the pro se in forma pauperis plaintiff's failure to respond was due solely to his lack of legal understanding).

DATED this 31st day of December, 2025.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge