IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN HARRIS,<br><br>              Plaintiff,<br><br>v.<br><br>WASHINGTON COUNTY, PURGATORY CORRECTIONAL FACILITY, WASHINGTON COUNTY SHERIFF'S OFFICE, KYLE BIGELOW, GARRET MCKEAN, SGT. LACIE CROWTHER, DEP. KEVIN M. LARSON, DEP. BRICE LUBITZ, DEP. JOHN JACOBS, DEP. LACEY ADAMS, DEP. ANDREW MILLER, DEP. TYLER TAIT, DEP. JAY B. CHADWICK, DEP. CORTNEY CHEEMAN, DEP. BAILEE W. MABE, DEP. KAITLYN JOHNSON, WARDEN, AND OFFICER J. DICKERSON,<br><br>              Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT JOSEPH DICKERSON'S MOTION TO EXTEND FACT DISCOVERY<br><br>Case No. 4:25-cv-00018-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

      This matter is before the Court on Defendant Joseph Dickerson's Motion to Extend Fact Discovery.[1] For the reasons discussed below, the Motion is granted.

      Plaintiff initially filed this action on February 24, 2025.[2] On October 30, 2025, Plaintiff filed an Amended Complaint adding, among others, Defendant Joseph Dickerson.[3] Officer Dickerson was served with the summons and Amended Complaint on November 25, 2025.[4]

---

[1] Docket No. 110, filed January 2, 2026.

[2] Docket No. 1.

[3] Docket No. 62.

[4] Docket No. 84.

Officer Dickerson subsequently filed his Answer on December 16, 2025.[5] After the Court previously denied requests to stay Plaintiff's deposition,[6] Officer Dickerson filed the instant Motion. Officer Dickerson seeks an extension of the fact discovery deadline by four months. The Washington County Defendants do not oppose Officer Dickerson's request.[7] Plaintiff opposes Dickerson's Motion[8] and objects to the Washington County Defendants' non-opposition.[9]

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts."[10] The good-cause standard generally requires the moving party to provide an adequate explanation for the delay.[11] The court is "afforded broad discretion in managing the pretrial schedule."[12] Factors the district court may consider include: (1) the relevant diligence of the lawyer who seeks the change; (2) whether the need for more time was neither foreseeable nor the movant's fault; (3) whether refusing to grant the continuance would create a substantial risk of unfairness to that party; and (4) the possible prejudice to the party opposing the modification.[13]

---

[5] Docket No. 96.

[6] Docket Nos. 101, 106, 107.

[7] Docket No. 116.

[8] Docket No. 112.

[9] Docket No. 117.

[10] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation marks and citation omitted).

[11] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019).

[12] *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

[13] *Tesone*, 942 F.3d at 988.

The first three factors weigh heavily in favor of Officer Dickerson. Counsel entered an appearance on behalf of Officer Dickerson on December 16, 2025, and since that time has been diligent in pursuing discovery. Counsel requested relief from the scheduling order soon after appearing and even participated in depositions during a previously scheduled doctor's appointment. The need for additional time was not foreseeable by Officer Dickerson nor his fault, as many discovery deadlines had already expired before he was named as a defendant and the remaining deadlines were fast approaching.[14] Additionally, Officer Dickerson would be unfairly prejudiced if a continuance is denied. As noted in his Motion, Officer Dickerson has not had the opportunity to conduct meaningful discovery during the limited time he has been a party to this case. Thus, these factors weigh in favor of Officer Dickerson's request.

As to the final factor, Plaintiff makes conclusory claims that he will be prejudiced by any amendment to the scheduling order, but he points to no specific prejudice that would result. Further, any claim of prejudice is undercut by the fact that Plaintiff delayed in naming Officer Dickerson as a defendant. Plaintiff cannot be heard to complain that Officer Dickerson seeks a reasonable time to complete discovery when Plaintiff delayed in adding him to this case. In sum, the Court finds that Officer Dickerson has demonstrated good cause to extend the fact discovery deadline. However, for the reasons previously stated, this Order does not permit leave to reopen Plaintiff's deposition.

---

[14] *See* Docket No. 41.

In addition to Officer Dickerson's Motion, Plaintiff has filed an Objection[15] to the Washington County Defendants' Non-Objection to Officer Dickerson's Motion.[16] Plaintiff contends that the Non-Objection is untimely because it was filed after the close of fact discovery. This argument is now moot given the Court's decision to extend that deadline. Further, the Washington County Defendants' filing is governed by the Court's Local Rules,[17] not the Scheduling Order. Therefore, Plaintiff's reliance on the Scheduling Order is misplaced. Therefore, Plaintiff's Objection is overruled. While the Court has been somewhat lenient to this point in its treatment of Plaintiffs' filings, further meritless objections may result in sanctions.

It is therefore

ORDERED that Defendant Joseph Dickerson's Motion to Extend Fact Discovery (Docket No. 110) is GRANTED and Plaintiff's Objection (Docket No. 117) is OVERRULED. The fact discovery deadline as it pertains to Officer Dickerson is extended until May 8, 2026. The parties are directed to submit an amended scheduling order within fourteen (14) days of this Order.

DATED this 20th day of January, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[15] Docket No. 117.

[16] Docket No. 116.

[17] *See* DUCivR 7-1(a)(4)(D)(iii) (allowing a reply "within 14 days after service of the response").