IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON COUNTY, PURGATORY CORRECTIONAL FACILITY, WASHINGTON COUNTY SHERIFF'S OFFICE, KYLE BIGELOW, GARRET MCKEAN, SGT. LACIE CROWTHER, DEP. KEVIN M. LARSON, DEP. BRICE LUBITZ, DEP. JOHN JACOBS, DEP. LACEY ADAMS, DEP. ANDREW MILLER, DEP. TYLER TAIT, DEP. JAY B. CHADWICK, DEP. CORTNEY CHEEMAN, DEP. BAILEE W. MABE, DEP. KAITLYN JOHNSON, WARDEN, AND OFFICER J. DICKERSON,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>Case No. 4:25-cv-00018-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion for Sanctions.[1] For the reasons discussed below, the Motion is denied.

On January 5, 2026, the Washington County Defendants responded to Plaintiff's request for admission ("ROA"). At issue in this Motion is Defendants' response to ROA Nos. 1 and 2. Plaintiff's requests and Defendants' responses are as follows:

> **REQUEST FOR ADMISSION NO. 1**: Admit that Utah Code § 76-10-2402(1)(a) is a misdemeanor offense.
> **ANSWER**: Objection. This is a legal statement that cannot be admitted or denied. However, to the extent that a response is necessary this statement is denied.

---

[1] Docket No. 114, filed January 12, 2026.

**REQUEST FOR ADMISSION NO. 2**: Admit that WCSO deputies collected Plaintiff's DNA on October 5, 2024, while he was charged with only a misdemeanor.

**ANSWER**: Deny. WCSO Corrections staff do not research the charges that arresting officers have selected. This is reviewed by the on-call judge to establish probable cause for the arrest.[2]

Plaintiff argues that Defendants' responses were improper because he was only charged with a misdemeanor, not a felony. Plaintiff seeks an order prohibiting Defendants from arguing or presenting evidence that Utah Code Ann. § 76-10-2402(1)(a) is not a misdemeanor offense and that mandatory DNA collection was unauthorized absent a felony charge. Alternatively, he requests that ROA Nos. 1 and 2 be deemed admitted.

Plaintiff brings his Motion pursuant to Federal Rule of Civil Procedure 37(c)(2), which provides: "If a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof."

Federal Rule of Civil Procedure 36(a) allows a party to "serve on any other party a written request to admit . . . the truth of any matters . . . relating to . . . facts, the application of law to fact, or opinions about either." However, Rule 36 does not permit a request for admission of a pure matter of law.[3] As such, a responding party "may object when admissions call for the truth of a legal conclusion."[4] Defendants' objection to ROA No. 1 was well-founded. ROA No. 1 asked Defendants to admit to a purely legal matter, which is beyond the scope of Rule 36.

---

[2] Docket No. 114-1, at 1–2.

[3] Fed. R. Civ. P. 36, advisory committee's note to 1970 amendment; 8B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Pro. § 2255.

[4] *Hilgenberg v. Elggren & Peterson*, No. 2:13-CV-1086, 2015 WL 4077765, at *2 (D. Utah July 6, 2015)

Defendants' later denial of ROA No. 1, however, is somewhat troubling because it is manifestly incorrect. At the time of Plaintiff's arrest, Utah Code Ann. § 76-10-2402(1)(a) was a class A misdemeanor.[5] Thus, Defendants' denial was unsupported. However, because Defendants were not required to respond at all, there is nothing sanctionable about this wrongful denial. Even if sanctions were appropriate, Plaintiff eschews any request for monetary relief,[6] which is the only relief permitted under Rule 37(c)(2).

As to ROA No. 2, Defendants' response was factually accurate. When Plaintiff's DNA sample was taken, he was not *charged* with any offense. The charges against him were not filed until two days later.[7] Thus, it was correct for Defendants to deny this ROA. Whether Plaintiff was *arrested* for a felony or a misdemeanor remains the subject of debate, with evidence supporting both a misdemeanor and felony offense. But, based on the request as it was propounded, Defendants' response was accurate. Thus, Plaintiff has not proven Defendants' denial to be untrue and his request for sanctions must be denied. Because the Court denies Plaintiff's Motion on the merits, it need not address Defendants' procedural arguments.

Defendants also request "attorney fees pursuant to Rule 37(c)(3) and or Rule 11."[8] As an initial matter, Rule 37(c)(3) does not exist so the Court cannot impose sanctions under that provision. Presumably, counsel meant to cite Fed. R. Civ. P. 37(a)(5)(B), which authorizes the Court to award reasonable expenses if a sanctions motion is denied. However, for the reasons

---

[5] Utah Code Ann. § 76-10-2042(1)(b) (2024) ("A violation of Subsection (1)(a) is a class A misdemeanor.").

[6] Docket No. 114, at 6.

[7] Docket No. 114-2.

[8] Docket No. 123, at 10.

3

stated during the November 13, 2025 hearing, the Court finds that the award of expenses is

unjust here. Further, while Defendants repeatedly cite Rule 11, they have failed to comply with

the procedural requirements of that rule.[9] Compliance with Rule 11 is mandatory and

Defendants' failure to comply necessitates denial.[10] Therefore, even if the Court believed

sanctions were warranted, which it does not, Defendants' procedural defects preclude them.

Moreover, to the extent Defendants seek to assert a motion for sanctions in their response, such

action is precluded under the Court's local rules[11] and runs counter to Rule 11.[12]

It is therefore

ORDERED that Plaintiff's Motion for Sanctions (Docket No. 114) is DENIED.

DATED this 24th day of March, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[9] Fed. R. Civ. P. 11(c)(2).

[10] *Roth v. Green*, 466 F.3d 1179, 1191–92 (10th Cir. 2006).

[11] DUCivR 7-1(a)(3) ("A party may not make a motion . . . or a cross-motion in a response or reply. Any motion must be separately filed.").

[12] Fed. R. Civ. P. 11, advisory committee's notes 1993 amendment ("The rule provides that requests for sanctions must be made as a separate motion, *i.e.*, not simply included as an additional prayer for relief contained in another [filing].").