IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN HARRIS,<br><br>            Plaintiff,<br><br>v.<br><br>WASHINGTON COUNTY, PURGATORY CORRECTIONAL FACILITY, WASHINGTON COUNTY SHERIFF'S OFFICE, KYLE BIGELOW, GARRET MCKEAN, SGT. LACIE CROWTHER, DEP. KEVIN M. LARSON, DEP. BRICE LUBITZ, DEP. JOHN JACOBS, DEP. LACEY ADAMS, DEP. ANDREW MILLER, DEP. TYLER TAIT, DEP. JAY B. CHADWICK, DEP. CORTNEY CHEEMAN, DEP. BAILEE W. MABE, DEP. KAITLYN JOHNSON, WARDEN, AND OFFICER J. DICKERSON,<br><br>            Defendants. | MEMORANDUM DECISION AND ORDER DENYING WASHINGTON COUNTY DEFENDANTS' MOTION FOR SANCTIONS OR, IN THE ALTERNATIVE, TO COMPEL DISCOVERY AND FOR FEES<br><br>Case No. 4:25-cv-00018-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

This matter is before the Court on the Washington County Defendants' Motion for Sanctions or, in the Alternative, to Compel Discovery and for Fees.[1] Because the Motion is untimely, it is denied.

Plaintiff initially filed this action on February 24, 2025.[2] As it relates to the Washington County Defendants, fact discovery closed on January 9, 2026.[3] Two days before the close of fact

---

[1] Docket No. 132, filed February 27, 2026.

[2] Docket No. 1.

[3] Docket No. 41, at 3. An Amended Scheduling order has been entered with respect to Officer Dickerson, which did not extend the fact deadline discovery for the Washington County Defendants. Docket No. 128.

1

discovery, on January 7, 2026, Defendants conducted Plaintiff's deposition. Fifty-one days after the deposition and forty-nine days after the close of fact discovery, the Washington County Defendants filed the instant Motion. Defendants argue that Plaintiff failed to fully participate in his deposition. Defendants also complain about Plaintiff's use of generative artificial intelligence ("AI"). Defendants seek dispositive sanctions or, in the alternative, to compel Plaintiff to complete his deposition and to pay certain fees and costs.[4]

Federal Rule of Civil Procedure 37 "contains no time limitations on motions," but a "motion for sanctions should be filed without unreasonable delay."[5] Similarly, "[t]he federal rules do not impose specific timing for filing a motion to compel and courts retain discretion to determine whether a motion 'is too tardy to be considered.'"[6] Judges within this district routinely deny as untimely discovery motions made weeks and months after the alleged infraction or the close of fact discovery.[7]

---

[4] Because the Court denies Defendants' request for dispositive sanctions, the Court issues this Order rather than a report and recommendation. With respect to discovery sanctions, it is the sanction imposed, not the sanction requested, that governs the procedure. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995). ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b).")

[5] *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998).

[6] *Nelson v. Beuchler*, No. 2:18-cv-00189, 2020 WL 9809993, at *2 (D. Utah June 16, 2020) (quoting *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012)).

[7] *See, e.g., Kindig-It Design, Inc. v. Creative Controls, Inc.*, No. 2:14-cv-00867, 2017 WL 11476473, at *1 (D. Utah Apr. 21, 2017) ("The filing of a motion to compel a month after the close of discovery was undoubtedly untimely."); *Nelson*, 2020 WL 9809993, at *2 (concluding that motions to compel filed three months after close of fact discovery "are 'undoubtedly' untimely"); *King v. Cellco P'ship*, No. 2:20-cv-00775, 2022 WL 4290111, at *2 (D. Utah Sept. 16, 2022) (finding that plaintiff had "doom[ed]" her motion to compel by waiting nine months after original discovery response and two months after close of fact discovery); *OL Private Couns., LLC v. Olson*, No. 2:21-cv-00455, 2024 WL 3900103, at *2–3 (D. Utah Aug. 20,

Given the close proximity to Plaintiff's deposition and the close of fact discovery, a short delay would have been understandable. However, Defendants knew of the issues about which they now complain on the day of Plaintiff's deposition yet waited nearly two months to file their Motion. If Defendants wanted timely resolution of Plaintiff's objections, they could have contacted the Court during the deposition.[8] Had they done so, the Court would have instructed Plaintiff to answer counsel's questions. Unfortunately, they did not and the Court declines to excuse their tardiness in bringing these important matters to the Court's attention.

Alternatively, counsel could have informed the Court that there were concerns with Plaintiff's deposition when responding to Officer Dickerson's request for additional time to conduct discovery.[9] Instead, in their response filed after Plaintiff's deposition, Defendants simply stated that they had no objection to Officer Dickerson's response.[10] However, Defendants did note that discovery was closed,[11] which is why the Court only extended certain deadlines as they relate to Officer Dickerson and made it clear that the extension did "not permit leave to

---

2024) (finding that motion to compel that stockpiled discovery issues that ranged in age from four to twenty-one months old was untimely); *Pingree v. Univ. of Utah*, No. 2:20-cv-00724, 2024 WL 2847944, at *3 (D. Utah. June 5, 2024) (finding motion untimely where the plaintiff delayed filing motion until several months after close of fact discovery to raise issues brought up in letter to opposing counsel); *cf.* DUCivR 37-1(b)(2)(C) (requiring discovery motions "be filed no later than 45 days after the prompt written communication . . . was sent to opposing counsel").

[8] *See* DUCivR 37-1(e) (noting that deposition disputes "may be resolved by contacting the assigned judge by phone").

[9] Docket No. 110.

[10] Docket No. 116.

[11] *Id.* at 3.

reopen Plaintiff's deposition."[12] Despite this, Defendants still waited over a month to bring their Motion.[13]

This stands in stark contrast to the events immediately preceding Plaintiff's deposition. Defendants were extremely active in seeking to delay Plaintiff's deposition,[14] but have been surprisingly nonchalant when it comes to completing it. While the Court does not condone Plaintiff's actions during his deposition, the Court finds that Defendants have unreasonably delayed in their filing of this Motion and it will be denied on this ground, without consideration of the merits.

Moreover, granting Defendants' Motion to Compel would require modifying the scheduling order to re-open fact discovery. Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts."[15] The good-cause standard generally requires the moving party to provide an adequate explanation for the delay.[16] The court is "afforded broad discretion in managing the pretrial schedule."[17]

---

[12] Docket No. 118, at 3.

[13] The Court acknowledges that Defendants noted concerns with Plaintiff's deposition answers in their Response to Plaintiff's motion for summary judgment. Docket No. 130. But this still occurred a month after Plaintiff's deposition and the close of fact discovery.

[14] Docket Nos. 99, 102, 103, 105.

[15] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation marks and citation omitted).

[16] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019).

[17] *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

Factors the district court may consider include: (1) the relevant diligence of the lawyer who seeks the change; (2) whether the need for more time was neither foreseeable nor the movant's fault; (3) whether refusing to grant the continuance would create a substantial risk of unfairness to that party; and (4) the possible prejudice to the party opposing the modification.[18] All of these factors weigh against Defendants' Motion for substantially the same reasons already stated.

Finally, with respect to Plaintiff's use of AI, Defendants overstate their case. While Defendants contend that the Court "admonished Plaintiff against using fake AI citations in his filings,"[19] that is not a completely accurate representation. During the November 13, 2025 hearing, the Court simply warned Plaintiff to be careful if using AI.

Nevertheless, the Court appreciates Defendants' concerns. As the Tenth Circuit recently stated, "[t]here is nothing inherently problematic with the use of artificial intelligence to help prepare legal materials, but its careless use can waste both judicial resources and the opposing party's time and money, and it can damage the credibility of the legal system."[20]

In response to Defendants' Motion, Plaintiff has proposed certain safeguards to ensure appropriate use of AI.[21] The Court believes these safeguards are adequate to address Defendants' concerns but will address any future misuse of AI should it occur.

---

[18] *Tesone*, 942 F.3d at 988.

[19] Docket No. 132, at 6 n.2.

[20] *Dodds v. Bridges*, No. 25-7021, 2026 WL 380194, at *6 (10th Cir. Feb. 11, 2026)

[21] Docket No. 133, at 7.

It is therefore

ORDERED that the Washington County Defendants' Motion for Sanctions or, in the
alternative, to Compel Discovery and for Fees (Docket No. 132) is DENIED.

DATED this 24th day of March, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge