IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **STEVEN MATTHEW HARRIS,**<br><br>        **Plaintiff,**<br><br>   **vs.**<br><br><br>**WASHINGTON COUNTY, PURGATORY CORRECTIONAL FACILITY, WASHINGTON COUNTY SHERIFF'S OFFICE, KYLE BIGELOW, GARRET MCKEAN, SGT. LACIE CROWTHER, DEP. KEVIN M. LARSON, DEP. BRICE LUBITZ, DEP. JOHN JACOBS, DEP. LACEY ADAMS, DEP. ANDREW MILLER, DEP. TYLER TAIT, DEP. JAY B. CHADWICK, DEP. CORTNEY CHEEMAN, DEP. BAILEE W. MABE, DEP. KAITLYN JOHNSON, WARDEN, AND OFFICER J. DICKERSON,**<br><br>        **Defendants.** | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF HARRIS'S OBJECTION TO MAGISTRATE JUDGE'S DECISION ECF NO. 118**<br><br><br>Case No. 4:25-cv-00018-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

Before the Court is Plaintiff Harris's Objection[1] to Magistrate Judge Kohler's Order[2]

granting Defendant Dickerson's Motion to Extend Fact Discovery.[3] Plaintiff opposed Defendant

Dickerson's Motion.[4] The Washington County Defendants did not oppose.[5] For the reasons

below, Plaintiff Harris's objection is overruled, and Judge Kohler's Decision is affirmed.

---

[1] ECF No. 119, filed January 23, 2026.
[2] ECF No. 118, filed January 20, 2026.
[3] ECF No. 110.
[4] ECF No. 112.
[5] ECF No. 116.

## **BACKGROUND**

On February 24, 2025, Plaintiff Steven Matthew Harris initiated this action, bringing various § 1983 claims against Purgatory Correctional Facility, Washington County Sherriff's Office, Kyle Bigelow, Garrett McKean, Sergeant Crowther, Deputy Larsen, Deputy Lubitz, J. Anderson, Deputy Jacobs, and Purgatory Correctional Facility.[6] A Scheduling Order was entered on August 12, 2025.[7] Pursuant to the Scheduling Order, fact discovery was set to close on January 9, 2026.[8]

On October 24, 2025, the Magistrate Judge granted Plaintiff leave to file an Amended Complaint,[9] which Plaintiff subsequently filed on October 30, 2025.[10] This Amended Complaint added, among others, Officer J. Dickerson of the St. George Police Department as a defendant.[11] Defendant Dickerson was served the summons and amended complaint on November 25, 2025.[12] He then filed his Answer on December 16, 2025.[13]

On December 19, 2025, Defendant Dickerson filed a Motion to Extend Fact Discovery and Stay Plaintiff's Deposition.[14] The Magistrate Judge denied Defendant Dickerson's Motion on December 23, 2025.[15] In doing so, the Magistrate Judge denied without prejudice Defendant Dickerson's request to extend fact discovery.[16] The Court affirmed the Magistrate Judge's order

---

[6] ECF No. 1.
[7] ECF No. 41.
[8] *Id*.
[9] ECF No. 61.
[10] ECF No. 62.
[11] *Id*.
[12] ECF No. 84.
[13] ECF No. 96.
[14] ECF No. 99.
[15] ECF No. 101.
[16] *Id*.

on December 30, 2025, highlighting that Defendant Dickerson could renew his request to extend fact discovery.[17]

Defendant Dickerson then filed his Motion to Extend Fact Discovery on January 2, 2026.[18] Plaintiff opposed that same day,[19] and the Washington County Defendants filed a non-opposition on January 16, 2026.[20] The Magistrate Judge granted Defendant Dickerson's Motion on January 20, 2026, and ordered the fact discovery deadline as it pertains to Defendant Dickerson extended until May 8, 2026.[21]

Plaintiff filed the instant Objection on January 23, 2026,[22] within fourteen days of the issuance of the Magistrate Judge's Order.[23]

### STANDARD OF REVIEW

In reviewing a magistrate judge's order on a nondispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[24] "Under this deferential standard, the court will affirm the ruling unless the court, exercising independent judgment, 'is left with the definite and firm conviction that a mistake has been committed.'"[25]

---

[17] ECF No. 107 at 6.
[18] ECF No. 110.
[19] ECF No. 112.
[20] ECF No. 116.
[21] ECF No. 118.
[22] ECF No. 119.
[23] *See* Fed. R. Civ. P. 72(a).
[24] Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).
[25] *Amann v. Off. of Utah Att'y Gen.*, No. 2:18-cv-00341-JNP-DAO, 2023 WL 8283855, at *2 (D. Utah Nov. 30, 2023) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## **DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." As the Magistrate Judge set forth, courts are "afforded broad discretion in managing the pretrial schedule."[26] Factors a district court may consider in determining whether to grant a request to modify the scheduling order include the following: (1) the relevant diligence of the lawyer who seeks the change; (2) whether the need for more time was neither foreseeable nor the movant's fault; (3) whether refusing to grant the continuance would create a substantial risk of unfairness to that party; and (4) the possible prejudice to the party opposing the modification.[27] With respect to these factors, the Magistrate Judge found that Defendant Dickerson had diligently pursued discovery since his appearance on December 16, 2025, that the need for additional time was not foreseeable by Defendant Dickerson nor his fault, that Defendant Dickerson would be unfairly prejudiced if a continuance was denied, and that Plaintiff failed to point to any specific prejudice he would experience from an extension.[28]

The Court finds that the Magistrate Judge's decision to extend fact discovery here was neither clearly erroneous nor contrary to law, and Plaintiff's objections to the contrary are unavailing. Plaintiff takes issue with the Magistrate Judge's noting that Plaintiff delayed in naming Defendant Dickerson. According to Plaintiff, he could not have named Defendant Dickerson earlier, as he had only recently discovered Defendant Dickerson's involvement. He accuses—in conclusory fashion and without any supporting evidence—Washington County Sheriff's Office of being responsible for the delay in Plaintiff's discovery of Defendant Dickerson's involvement and

---

[26] *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).
[27] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019).
[28] ECF No. 118 at 3.

argues that the Magistrate Judge's Order erroneously did not address this issue and creates problematic incentives. Significantly, Plaintiff did not raise these arguments nor even mention the video footage purportedly at issue in his Opposition to the Motion to Extend Fact Discovery. The arguments are thus waived.[29] The arguments are also, in any event, unpersuasive. Even assuming that Plaintiff could not have named Defendant Dickerson earlier, the fact remains that Defendant Dickerson was brought into this suit only a few weeks before the close of fact discovery. These few weeks did not give Defendant Dickerson opportunity to conduct meaningful discovery, and the Magistrate Judge's exercising his discretion to amend the scheduling order to allow such discovery was not clearly erroneous nor contrary to law. Indeed, Plaintiff has never articulated any actual prejudice that he would experience from the extension.

Plaintiff's remaining objections are also of no moment. First, Plaintiff argues that Defendant Dickerson was not diligent in pursuing discovery. Plaintiff notes that Defendant Dickerson was served on November 25, 2025, but did not appear until December 16, 2025, which Plaintiff believes constitutes lack of diligence and undue delay. This argument appears to stem from some confusion over the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 12(a)(1)(A), "[a] defendant must serve an answer[] within 21 days after being served with the summons and complaint[.]" In line with this requirement, Defendant Dickerson filed his Answer within 21 days of being served. The federal rules do not require any greater diligence. Next, Plaintiff argues that Defendant Dickerson made no attempt to conduct discovery from December 16, 2025, to January 9, 2026, but this does not comport with the record. As the

---

[29] *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Magistrate Judge stated, Defendant Dickerson's counsel requested relief from the scheduling order soon after appearing and even participated in depositions during a previously scheduled medical appointment. Finally, Plaintiff argues that the Magistrate Judge failed to analyze proportionality and relevance under Rule 26(b)(1). This, again, seems to stem from a misunderstanding of the Federal Rules of Civil Procedure. While Rule 26(b) governs the scope of discovery, it does not govern the amendment of a scheduling order. Modifying a scheduling order is, rather, governed by Rule 16(b)(4). Rule 16(b)(4) requires good cause and the judge's consent and makes no mention of proportionality and relevance.

In sum, none of Plaintiff's arguments establish that the Magistrate Judge's decision was erroneous or contrary to law. Plaintiff's objection is thus overruled.

## ORDER

Based on the foregoing, the Court OVERRULES Plaintiff Harris's Objection (ECF No. 119) and AFFIRMS Judge Kohler's Decision (ECF No. 118).

DATED this 22nd day of April 2026.

_____
Ann Marie McIff Allen
United States District Judge

6